*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-CV-0217

ADMAS HAILEMARIAM, APPELLANT,

V.

TINSAYE KAH ZEWDIE, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2021-CA-000037-H)

(Hon. Kelly Higashi, Trial Judge)

(Submitted February 15, 2022                        Decided March 23, 2023)

*Jonathan H. Levy* and *Megan Moffett*[*] were on the brief for appellant.

*Workneh Churnet* was on the brief for appellee.

Before MCLEESE, *Associate Judge*, and GLICKMAN and THOMPSON, *Senior Judges*.[†]

---

[*] Practicing law in the District of Columbia pursuant to D.C. Court of Appeals Rule 49(c)(9)(C) under the supervision of Legal Aid attorneys admitted to the D.C. Bar and in good standing.

[†] Judges Glickman and Thompson were Associate Judges of the court at the time this appeal was submitted.

GLICKMAN, *Senior Judge*:  This appeal is from the dismissal of a complaint that appellant Hailemariam filed against her landlord, appellee Zewdie, on the Superior Court's Housing Conditions Civil Calendar.  We affirm.

Appellant's complaint sought remediation of numerous alleged Housing Code violations.  At the initial hearing, the parties apprised the trial judge that the matters in dispute included threshold issues regarding the scope of the tenancy, what part of the house had been rented to appellant, and whether the lease obligated the landlord to provide and repair a bathroom on the first floor of the dwelling.  The judge stated that she "need[ed] to consult with the Civil Division management to see if this case would need to be transferred to a Civil II calendar because the Housing [Conditions Civil] calendar is not set up to handle contested motions like these."  At the next status hearing, the judge referenced that consultation and informed the parties, "[a]ccording to the case management plan for the housing conditions civil calendar, when there are issues, such as these, that require more extensive litigation they need to be addressed on a regular Civil II calendar. . . .  And because of that, I am going to dismiss this case without prejudice so that plaintiff may, if she chooses, file a complaint alleging her [landlord's] breach of contract and outlining her basis for her claim that her lease agreement with the landlord covers the bathroom downstairs."

Appellant requested the judge to "retain jurisdiction at least over those violations" that were unrelated to the first-floor bathroom. The judge noted, however, that "most of the violations" did relate to that bathroom, and appellant's counsel agreed that was so. After further colloquy, the judge ruled that she could not "retain jurisdiction over part of this case. All of the issues can be addressed through a Civil II case."

Following the dismissal of her complaint without prejudice, appellant filed a new complaint for damages and injunctive relief in the Civil Division of Superior Court. This complaint, No. 2021 CA 003168B, is still pending on the Superior Court's docket.

Appellant apprehends that the court dismissed her case for want of subject matter jurisdiction on the Housing Conditions Civil Calendar, and she argues that "[a] case over which the Superior Court has jurisdiction is not subject to dismissal . . . merely because it is assigned to a unit of the court in which it does not belong."[1] That is a correct statement of law. However, appellant's premise is mistaken, and the principle she invokes does not apply here. The dismissal was not

---

[1] *Robinson v. United States*, 769 A.2d 747, 751 (D.C. 2001).

for want of jurisdiction, but rather to effectuate a discretionary transfer of the case to a more appropriate civil calendar. Because the dismissal was, under the circumstances, functionally equivalent to a certification of the case directly to that calendar without a formal dismissal, we conclude that appellant was not prejudiced and reversal is not warranted.

The Case Management Plan for the Housing Conditions Civil Calendar expressly authorized the procedure that the court followed. In relevant part, the Management Plan states:

> The Housing Conditions Civil Calendar is a problem-solving court. Its goal is to efficiently and quickly achieve compliance with the District of Columbia Housing Code Regulations . . . and Property Maintenance Code . . . .
>
> The Housing Conditions Civil Calendar is governed by the terms of these practices and procedures and the Superior Court Rules of Civil Procedure. . . .
>
> Although the Court has the same jurisdiction over cases on the Housing Conditions Calendar as over cases on other calendars in the Civil Actions Branch, the Court imposes several limits on cases on the Housing Conditions Civil Calendar in order to keep the Calendar within manageable limits consistent with resource constraints. In addition, the judge presiding over the Calendar has discretion to manage the Calendar consistent with its purpose efficiently and quickly to secure compliance with housing code regulations. . . .

If issues arise that cannot be addressed on the Housing Conditions Civil Calendar without adversely affecting the Court's ability to provide efficient and expedited enforcement of housing code regulations, the Court may certify the case to a randomly assigned Civil 2 Calendar or dismiss it without prejudice so that the plaintiff can file the case on a Civil 2 Calendar.[2]

Thus, under the terms of the Case Management Plan, the judge was vested with broad discretion to manage the Housing Conditions Civil Calendar by certifying this case to the Civil 2 Calendar or dismissing the case without prejudice so that appellant could refile it on the Civil 2 Calendar herself. Generally speaking, a judge in this position should certify the case rather than dismiss it, because a dismissal of the complaint — even one without prejudice — could have adverse consequences for the plaintiff. In such a case, the dismissal would be error or an abuse of the court's discretion. Fortunately, however, the two options were functionally equivalent in this case; appellant has not shown that the choice of dismissal rather than certification prejudiced her, and we do not perceive that it did.[3]

---

[2] *Case Management Plan for the Housing Conditions Civil Calendar*, District of Columbia Courts, https://www.dccourts.gov/sites/default/files/Housing-Conditions-Case-Management-Plan.pdf; https://perma.cc/R69V-UJTB (last visited March 2, 2023).

[3] This was not a situation where, for example, the choice of dismissal triggered the running of a statute of limitations that operated to preclude any of appellant's claims. Nor is it a case in which the transferred claims could not be litigated on the destination calendar. And the dismissal and refiling did not burden appellant with

We likewise do not perceive that the judge abused her discretion in deciding it would be appropriate for the case to be transferred to the Civil 2 Calendar. Appellant asserts that the articulated need for "more extensive litigation" of a "threshold" issue was not a valid reason to dismiss her complaint. It would not have been a valid reason to dismiss appellant's complaint with prejudice for lack of subject matter jurisdiction, but under the Case Management Plan it was a valid reason to transfer the case to the Civil 2 Calendar.

Appellant also argues that the issues concerning the scope of her lease were not "particularly complex" and were not the ultimate questions presented to the court, and thus did not necessitate a transfer from the Housing Conditions Civil Calendar. Perhaps so, but this was a judgment call for the judge to make in managing her docket. We cannot say the judge abused her discretion in concluding, after hearing from both sides, that having to take the time to deal with the issues raised in appellant's case would adversely affect the court's ability to provide efficient and expedited enforcement of Housing Code violations in its caseload — a high priority of the Superior Court.

---

an additional filing fee; the Superior Court granted her leave to proceed in forma pauperis, both when she filed her original complaint on the Housing Conditions Calendar and when she filed her new complaint on the Civil 2 Calendar.

Finally, appellant asserts that the court could have retained "most" of her Housing Code violation claims on its Housing Conditions calendar because they were not related to the issues concerning her right to use the first-floor bathroom. This assertion appears to contradict appellant's agreement in the trial court that most of the alleged violations *did* relate to that bathroom. In any event, accepting appellant's proposal would have meant splitting the lawsuit between appellant and her landlord into two separate but closely related actions that would be maintained simultaneously in two different branches of the Civil Division. This would have had the potential for duplication of effort, added expense and other burdens of litigation, and conflicting findings and rulings by different judges or triers of fact. The judge's rejection of that proposal was not unreasonable.

We appreciate that transfer of appellant's lawsuit from the Housing Conditions Civil Calendar to the Civil 2 Calendar deprived her of the advantages of an accelerated determination of her claims of Housing Code violations.[4] Nonetheless, transfer was within the court's discretion, and appellant has not shown error in the court's decision to accomplish that transfer by dismissing her complaint

---

[4] On the other hand, the transfer allowed appellant to amend and enlarge her complaint to seek damages and other relief that she could not seek in a case on the Housing Conditions Calendar.

without prejudice rather than certifying her case directly to the Civil 2 Calendar.  The result was the same either way, and the former approach had the advantage of giving appellant more flexibility and the opportunity to expand her lawsuit.

We affirm the judgment of the Superior Court.